# IN THE UNITED STATES COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:07CR328 |
| | ) | December 14, 2007 |
| HOWARD DEXTER FELLS, | ) | Judge Leonie M. Brinkema |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant files this Notice of Supplemental Authority to advise the Court regarding the Supreme Court's opinions in *Kimbrough v. United States*, 552 U.S. ___, (Dec. 10, 2007),[1] and *Gall v. United States*, 552 U.S. ___. (Dec. 10, 2007),[2] which have worked a sea-change with respect to the law of federal sentencing.

In the wake of the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), that the Sentencing Guidelines are merely advisory, the Fourth Circuit's sentencing jurisprudence has limited the authority of sentencing courts to reject the Guidelines' sentencing advice by ruling that: (1) "[a] sentence may be substantively unreasonable [and thus subject to reversal] if the court . . . rejects policies articulated by Congress or the Sentencing Commission," and (2) a variance from the Guidelines must be judged by the degree to which the variance "diverges from the advisory guideline range." *United States v. Moreland*, 437 F.3d 424, 434 (4th Cir. 2006). In *Moreland*, for example, the Fourth Circuit reversed a district court's sentence of

---

[1] The Court decided *Kimbrough* on a vote of 7-2, but even Justice Alito in dissent agreed that the Fourth Circuit's ruling (holding that disagreement with the crack cocaine guideline is *per se* unreasonable) must be vacated as inconsistent with *Booker*. Slip op. at 1 (Alito, J., dissenting).

[2] *Gall* likewise was decided on a vote of 7-2, although Justice Alito, in dissent, would have affirmed the court of appeals' decision that the Sentencing Guidelines should receive significant weight by sentencing courts. Slip op. at 1 (Alito, J., dissenting).

120 months in a career offender case in which the Guidelines called for a sentence of 360 to life on the ground that the degree of the variance was substantively unreasonable—notwithstanding the court's agreement that a non-guideline sentence was appropriate given the small amount of drugs and non-violent nature of the career-offender predicate offenses.  *Id.* at 435-37.[3]

The two premises of the Fourth Circuit's decision in *Moreland* have now been rejected by the Supreme Court.  In *Kimbrough*, the Supreme Court not only overruled the Fourth Circuit's view that disagreement with the severity of the Guideline's crack punishments was "per se unreasonable," it also rejected in the context of the crack cocaine guidelines that the Sentencing Guidelines reflect a "specific policy determinatio[n] that Congress has directed sentencing courts to observe."  552 U.S. at ___, slip op. at 13-20.  Moreover, given that the Sentencing Commission itself has recognized the undue harshness of the crack cocaine guidelines, a district

---

[3] The district court in *Moreland* was extremely critical of the career offender guideline and in particular the notion that the guideline was presumptively consistent with the purposes of sentencing set forth in 18 U.S.C. § 3553(a):

> The Career Offender provision provides no mechanism for evaluating the relative seriousness of the underlying prior convictions. Instead of reducing unwarranted sentencing disparities, such a mechanical approach ends up creating additional disparities because this Guideline instructs courts to substitute an artificial offense level and criminal history in place of each individual defendant's precise characteristics. This substitution ignores the severity and character of the predicate offenses and equates relatively minor [**21] distribution convictions with violent and egregious drug trafficking crimes for sentencing purposes.

*United States v. Moreland*, 366 F. Supp. 2d 416, 424 (S.D. W. Va. 2005), *vacated*, 437 F.3d 424 (4th Cir. 2006) (remanding with instructions to impose a 20 year sentence for career offender convicted at trial).

court's agreement with that assessment would not constitute an abuse of discretion, even in a run-of-the-mill crack cocaine case. *Id.* at 21.

In addition, the Court also rejected the Fourth Circuit's view that the degree of appellate scrutiny of sentencing decisions turns on how far the sentence differs from the advisory guideline range. *Gall*, 522 U.S. ___, slip op. at 10-13. In particular, the Supreme Court rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id.* slip op. at 8; *cf. Moreland*, 437 F.3d at 434 (citing *United States v. Dalton*, 404 F.3d 1029, 1033 (8th Cir. 2005), and quoting in a parenthetical that "an extraordinary reduction must be supported by extraordinary circumstances"). On the contrary, "regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard" while giving "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* slip op. at 12-13.

                                                         Respectfully submitted,
Howard Dexter Fells
By Counsel

                                                         _____/s/_____
Geremy C. Kamens, Esq.
Bar No. 41596
Attorney for Mr. Fells
Assistant Federal Public Defender
Eastern District of Virginia
1650 King Street, Suite 500
Alexandria, VA   22314
Telephone:   703-600-0848
Facsimile:   703-600-0880
Geremy_Kamens@fd.org

CERTIFICATE OF SERVICE

      I hereby certify that on December 10, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Dennis Fitzpatrick, Esquire
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA   22314

                                            /s/
                              Geremy C. Kamens, Esquire
                              Bar No. 41596
                              Attorney for Mr. Fells
                              Assistant Federal Public Defender
                              Eastern District of Virginia
                              1650 King Street, Suite 500
                              Alexandria, VA   22314
                              Telephone:   703-600-0848
                              Facsimile:   703-600-0880
                              Geremy_Kamens@fd.org